**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>*Plaintiff*,<br><br>v.<br><br>KWAME RAOUL, in his official capacity as ATTORNEY GENERAL OF ILLINOIS,<br><br>*Defendant*. | Case No. 1:26-cv-9522<br><br>Judge Edmond E. Chang<br>Magistrate Judge Albert Berry, III |

**NOVARTIS PHARMACEUTICALS CORPORATION'S**
**<u>MOTION FOR PRELIMINARY INJUNCTION</u>**

Plaintiff Novartis Pharmaceuticals Corporation seeks a preliminary injunction preventing enforcement of H.B. 2371, a recently enacted Illinois law that became effective on **August 7, 2026**. H.B. 2371 alters the terms of Novartis's participation in the federal 340B Drug Pricing Program, a wholly federal Spending Clause initiative intertwined with Medicaid and Medicare Part B.

The grounds for this motion are set forth in a memorandum of law attached as an exhibit to Novartis's forthcoming motion for leave to file an overlength memorandum of law. In short, Novartis is likely to succeed on the merits because H.B. 2371 violates the Supremacy Clause and the dormant Commerce Clause of the U.S. Constitution. Novartis is currently suffering irreparable harm and will continue to do so unless H.B. 2371 is enjoined: The new Illinois law forces Novartis to choose between providing millions of dollars in additional drug discounts not required by federal law, or risking serious penalties that far exceed anything contemplated by the federal scheme.

The balance of equities and public interest favor an injunction because H.B. 2371 impermissibly overrides Congress's policy judgment about the appropriate scope of the 340B Program.

For all these reasons and those provided in Novartis's memorandum of law, the Court should enter an order enjoining Defendant from enforcing H.B. 2371 against Novartis pending a decision on the merits. A proposed order is attached.

This motion is filed on the first court day after the filing of the Verified Complaint. The undersigned counsel has not yet been able to confer with the Defendant concerning the relief requested in this motion.

Dated: August 10, 2026

Respectfully submitted,

*/s/ Stephen J. Siegel*
Stephen J. Siegel
Ellen M. Mannion
ARMSTRONG TEASDALE LLP
100 North Riverside Plaza, Suite 1500
Chicago, IL 60606-1520
Telephone: (312) 419-6900
ssiegel@atllp.com
emannion@atllp.com

Laura A. Bentele*
ARMSTRONG TEASDALE LLP
7700 Forsyth Boulevard, Suite 1800
St. Louis, MO 63105
(314) 342-4133
lbentele@atllp.com

Susan Cook*
Jessica L. Ellsworth*
Marlan Golden*
Jacob T. Young*
Claire A. Rhodes*
Carly Heying*
HOGAN LOVELLS CADWALADER US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004-1109
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
susan.cook@hlc.com

*Attorneys for Plaintiff Novartis Pharmaceuticals Corporation*

**Motion for admission pro hac vice forthcoming*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NOVARTIS PHARMACEUTICALS CORPORATION,<br>*Plaintiff*,<br>v.<br>KWAME RAOUL, in his official capacity as ATTORNEY GENERAL OF ILLINOIS,<br>*Defendant*. | Case No. 1:26-cv-9522<br>Judge Edmond E. Chang<br>Magistrate Judge Albert Berry, III |

**[PROPOSED] ORDER GRANTING NOVARTIS PHARMACEUTICALS CORPORATION'S MOTION FOR PRELIMINARY INJUNCTION**

Upon consideration of Novartis Pharmaceuticals Corporation's Motion for Preliminary Injunction, any opposition and reply thereto, the record herein, and any arguments of counsel, the Court finds as follows:

1. Novartis is likely to succeed on the merits. H.B. 2371 is invalid under three Supremacy Clause principles: field preemption, obstacle preemption, and the rule against federal discrimination. It also violates the dormant Commerce Clause.

2. H.B. 2371 is field preempted. The federal 340B statute requires drug manufacturers to provide deeply discounted prices on their covered outpatient drugs to qualifying "covered entities"—hospitals and clinics meeting specified statutory criteria. 42 U.S.C. §§ 256b(a)(1), (a)(4)–(5). Federal law implements a unified regulatory scheme reflecting both a pervasive framework of regulation and predominating federal interests in maintaining the nationwide uniformity of the 340B Program and regulating the operations of Medicaid and Medicare Part B. Illinois's

H.B. 2371 is field preempted because it directly interferes with that scheme by requiring drug manufacturers to provide 340B discounts on an unlimited number of transactions involving third-party, for-profit pharmacies (known as contract pharmacies), and by forbidding manufacturers from conditioning access to 340B pricing on submission of data.

3. H.B. 2371 is also obstacle preempted. The state law obstructs federal 340B law and policy in three ways: (1) outlawing conduct Congress chose to allow within a federal program; (2) altering Congress's balance of benefits and burdens among 340B, Medicaid, and Medicare Part B; and (3) inviting inconsistent adjudications regarding drug manufacturers' 340B obligations.

4. H.B. 2371 further violates the Supremacy Clause by discriminating against participants in the federal 340B Program. H.B. 2371's mandates apply only to drug manufacturers that participate in the program—not to any manufacturer that declines to participate in this federal initiative—and it imposes increased costs on these 340B participants. The state law thus unlawfully regulates 340B participants unfavorably based on their governmental status.

5. H.B. 2371 separately violates the dormant Commerce Clause. The state law caps the price manufacturers may charge for drugs that end up at contract pharmacies anywhere in the country, based solely on the pharmacies' relationship with an Illinois covered entity. But manufacturers sell their drugs to wholesalers outside of Illinois, and those wholesalers resell those drugs to pharmacies. For this reason, the statute is unlawfully extraterritorial: H.B. 2371 unlawfully regulates the prices that out-of-state manufacturers may charge in wholly out-of-state transactions.

6. Novartis is already suffering irreparable harm from H.B. 2371. The law took effect on August 7, 2026, immediately exposing Novartis to a potential unconstitutional state enforcement action. If Novartis complies with the new law, it must expend significant resources to achieve the law's mandates and will lose millions of dollars annually by providing additional 340B

discounts not required by federal law. If Novartis does not comply, H.B. 2371 threatens to impose significant, unrecoverable financial penalties on Novartis. The risk of liability and the reputational harm flowing from labeling Novartis as a wrongdoer will irreparably harm the company if H.B. 2371 is not enjoined. Being put to this choice is also itself an irreparable harm that warrants injunctive relief. And the fact that Novartis is subject to an unconstitutional law is another significant irreparable harm on its own.

7. Injunctive relief will preserve the status quo and cause Defendant no harm. Preliminarily enjoining Defendant from any enforcement action will only preserve the status quo, temporarily delaying the State from taking any enforcement action until the end of litigation, should Defendant ultimately prevail on the merits. And Defendant will suffer no harm if injunctive relief is granted because the State has no interest in enforcing an unconstitutional law.

8. Finally, the public interest favors injunctive relief. The public has an interest in ensuring that invalid laws are not enforced against members of the regulated public. And the public will not be harmed by an injunction. The new state law seeks only to move dollars from one group of businesses to another; it has no impact on patients' ability to access their medicines or on the prices they pay.

For these reasons, and for good cause shown based on the record herein, it is hereby

**ORDERED** that Novartis's Motion for Preliminary Injunction is **GRANTED**. It is further

**ORDERED** that Defendant, as well as Defendant's officers, agents, servants, employees, and attorneys and any others in active concert or participation with them, are hereby **ENJOINED** from taking any enforcement action and/or imposing any penalties against Novartis or its affiliates under H.B. 2371 for any transactions taking place while this Order is in effect. It is further

**ORDERED** that this Order shall remain in effect until further order of this Court.

**IT IS SO ORDERED**.

Dated this ______ day of _____________________.

United States District Judge

## CERTIFICATE OF SERVICE

Ellen M. Mannion, an attorney, hereby certifies that a true and accurate copy of the foregoing ***Novartis Pharmaceuticals Corporation's Motion For Preliminary Injunction*** was filed via the Court's CM/ECF online filing system and was served on all counsel of record via the Court's CM/ECF system as well as via hand delivery to:

Kwame Raoul
OFFICE OF THE ILLINOIS ATTORNEY GENERAL
115 S. LaSalle Street
Chicago, Illinois 60603

on this 10th day of August, 2026.

/s/ *Ellen M. Mannion*