**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Novartis Pharmaceuticals Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Kwame Raoul,<br><br>Defendant. | NO. 1:26-CV-09522 (lead docket)<br><br>Judge Edmond E. Chang |
| AbbVie Inc.; Allergan, Inc.; Durata Therapeutics, Inc.; AbbVie Products LLC; Pharmacyclics LLC; and Allergan Sales, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>Kwame Raoul,<br><br>Defendant. | NO. 1:26-CV-09523<br><br>Judge Edmond E. Chang |
| Bristol Myers Squibb Co.,<br><br>Plaintiff,<br><br>v.<br><br>Kwame Raoul,<br><br>Defendant. | NO. 1:26-CV-09590<br><br>Judge Edmond E. Chang |

| | |
|---|---|
| AstraZeneca Pharmaceuticals LP,<br><br>Plaintiff,<br><br>v.<br><br>Kwame Raoul,<br><br>Defendant. | No. 1:26-CV-09805<br><br>Judge Edmond E. Chang |
| Pharmaceutical Research and Manufacturers of America,<br><br>Plaintiff,<br><br>v.<br><br>Kwame Raoul,<br><br>Defendant. | No. 1:26-CV-09859<br><br>Judge Edmond E. Chang |

## ORDER

AbbVie Inc. and AstraZeneca Pharmaceuticals LP—two of the five plaintiffs in these related challenges to the Patient Access to Pharmacy Protection Act, 410 ILCS 660/1 *et seq.*—jointly move for expedited discovery to support their preliminary-injunction motions. R. 34, Pls.' Mot.[1] Illinois opposes the motion. R. 47, Def.'s Resp. For the reasons below, AbbVie and AstraZeneca's motion is denied, but mostly without prejudice. The Court will consider the pending preliminary-injunction motions[2] on

[1]This Court has subject matter jurisdiction over these cases, which assert federal constitutional claims, under 28 U.S.C. § 1331. Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number. Unless otherwise noted, record citations refer to the lead docket for these related cases, *Novartis Pharmaceutical Corp. v. Raoul*, No. 1:26-cv-09522 (N.D. Ill.). This Order assumes familiarity with the underlying complaints and claims.

[2]R. 6, Novartis PI Mot.; *AbbVie Inc v. Raoul*, No. 1:26-cv-09523, R. 16, AbbVie PI Mot.; *Bristol Myers Squibb Co. v. Raoul*, No. 1:26-cv-09590, R. 17, Bristol PI Mot.; *AstraZeneca*

the current record. But AbbVie and AstraZeneca may refile motions for expedited discovery that address the concerns identified in this Order. If the Court denies the pending preliminary-injunction motions and permits early discovery, the Plaintiffs would be free to move again for preliminary relief if they unearth material facts that are not in the current record.

According to AbbVie and AstraZeneca, expedited discovery is appropriate to rebut the state's reliance, in its response opposing a preliminary injunction, on four factual representations. Pls.' Mot. at 3. These supposed factual representations are:

(1) the Act affects only the delivery of drugs, not their price;

(2) the Plaintiffs have not shown that contract pharmacies in Illinois are using the replenishment model for unlawful ends;

(3) when a covered entity partners with a contract pharmacy to distribute 340B drugs, the contract pharmacy acts as an agent of the covered entity and title to the medication remains with the covered entity; and

(4) the Act will benefit low-income and rural patients. *Id.*; *see* Def.'s Resp. to PI Mots. at 4, 24–26, 45.

To investigate those assertions, AbbVie and AstraZeneca would each like to serve non-party subpoenas for documents and deposition testimony. Pls.' Mot. at 2. For its part, AbbVie seeks document production from, and Civil Rule 30(b)(6) depositions of, "certain" covered entities and contract pharmacies. *Id.* at 4. AstraZeneca similarly would like to depose and receive documents from "a small number of" covered entities. *Id.* The sample subpoenas that AbbVie and AstraZeneca attached to their motion seek, among other things, covered entities' contracts with contract pharmacies; all policies, practices, and procedures that govern the covered entity's acquisition, distribution, or sale of 340B drugs; how the covered entity or its contractors determines whether a prescription was 340B-eligible for purposes of replenishment; and the covered entity's amount and use of 340B revenue. Pls.' Mot., Exh. 1, Sample AstraZeneca Subpoena at 12; Pls.' Mot., Exh. 2, Sample AbbVie Subpoena at 5–6.

---

*Pharmaceuticals LP v. Raoul*, No. 1:26-cv-09805, R. 9, AstraZeneca PI Mot.; *Pharma. Rsch. & Mfrs. of Am. v. Raoul*, No. 1:26-cv-09859, R. 15, PhRMA PI Mot.

Civil Rule 26(d) permits early discovery when authorized by a court order. *See* Fed. R. Civ. P. 26(d). To obtain early discovery, the movant "has the burden of establishing good cause." *In re Clearview AI, Inc. Consumer Priv. Litig.*, 2021 WL 5862494, at *2 (N.D. Ill. May 6, 2021). In evaluating a motion for expedited discovery, courts consider "the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." *Ibarra v. City of Chicago*, 816 F. Supp. 2d 541, 554 (N.D. Ill. 2011) (cleaned up).[3] A pending preliminary-injunction motion weighs in favor of, but does not in itself entitle a party to, expedited discovery. *See Campaignzero, Inc. v. Staywoke Inc.*, 2020 WL 7123066, at *2 (N.D. Ill. Dec. 4, 2020).

These principles favor denying AbbVie and AstraZeneca's request, at least for now. Consider in turn each of the purported factual disputes that expedited discovery will supposedly resolve.

AbbVie and AstraZeneca first seek expedited discovery to rebut the state's position that the Act affects only the delivery of drugs, not their price. But at this juncture, whether the Act regulates delivery or price appears to be answerable (for now) as a legal question (subsidiary to the ultimate issue of preemption)—one answered by interpreting the Act. *See AbbVie, Inc. v. Murrill*, 180 F.4th 747, 761 (5th Cir. 2026) (holding that a Louisiana statute similar to the Act regulates delivery, not price, by reference to statutory text); *Pharm. Rsch. & Mfrs. of Am. v. McClain*, 95 F.4th 1136, 1145 (8th Cir. 2024) (same, for an analogous Arkansas statute); *cf. Pharm. Rsch. & Mfrs. of Am. v. McCuskey*, 171 F.4th 675, 691–95 (4th Cir. 2026) (holding an analogous West Virginia statute preempted based on textual analysis), *rehearing en banc granted*, 176 F.4th 830 (mem.).

Indeed, even the cases that AbbVie and AstraZeneca tout as properly understanding the replenishment model (and its implications for the price-or-delivery issue), R. 48, Pls.' Reply at 4–7, did not rely on the type of discovery sought here. For example, in *Pharmaceutical Research and Manufacturers of America v. Morrisey*, 760 F. Supp. 3d 439 (W.D. Va. 2024), *aff'd sub nom. McCuskey*, 171 F.4th 675, *rehearing en banc granted*, 176 F.4th 830 (mem.)., the respective court determined that the replenishment model existed based on an exhibit and the defendant's failure to dispute the issue at the motion hearing (at which no evidence was taken). *See id.* at 448 & n.2.

[3]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

*See generally Pharm. Rsch. & Mfrs. of Am. v. Morrisey*, No. 2:24-cv-00272 (W.D. Va.), R. 53, Transcript of PI Hearing. From there, the court needed no additional facts; the mere existence of the replenishment model persuaded it that West Virginia's statute did not regulate delivery. *See Morrisey*, 760 F. Supp. 3d at 455 ("Because the drug is already in the hands of the contract pharmacy even before the patient arrives at the pharmacy, the question is not about delivery of the drug. The question is only about what price the pharmacy and the covered entity will pay the manufacturer for the replenished drug upon distribution of the 340B Program eligible one.").

*AbbVie Inc. v. Drummond*, 808 F. Supp. 3d 1266 (W.D. Okla. 2025), is of a piece. True, as AbbVie and AstraZeneca stress, *Drummond* refused to accept at face value the state's description of its contract-pharmacy statute as regulating only delivery; the court instead explained that "an examination of how the regulation actually operates is necessary." *Id.* at 1275. But contrary to the implication of AbbVie and AstraZeneca's reply brief, Pls.' Reply at 7, that "examination" did not rely on the sort of discovery they now seek—or even any evidence at all. To the contrary, the court simply constructed a hypothetical to undermine the state's description. *Drummond*, 808 F. Supp. 3d at 1275–76. Indeed, the court had permitted the plaintiffs to present evidence at the preliminary-injunction hearing "only out of an abundance of caution," noting "it is far from clear that the purported factual disputes are actually material to the Court's decision on the injunction." *AbbVie Inc. v. Drummond*, No. 5:25-cv-00726 (W.D. Okla.), R. 70, Order on Mot. for Expedited Discovery at 2. So the Court sees no reason that it cannot decide the pending (and now fully briefed) preliminary-injunction motions on the current record—which is far from slim, AbbVie having submitted 35 exhibits totaling almost 2,000 pages along with its motion. *See AbbVie Inc. v. Raoul*, No. 1:26-cv-09523 (N.D. Ill.), R. 16, AbbVie PI Mot.; *see also Ibarra*, 816 F. Supp. 2d at 554 (courts evaluate expedited-discovery motions "on the entirety of the record to date" (cleaned up)).

AbbVie and AstraZeneca next seek expedited discovery to dispute the state's assertions that (a) the Plaintiffs have not shown that contract pharmacies in Illinois are using the replenishment model for unlawful ends and (b) under the replenishment model, contract pharmacies act as agents of covered entities, who retain title to the 340B drugs. There is at least reason to believe that both these issues will be relevant to the Plaintiffs' legal claims. But at least as currently formulated, AbbVie and AstraZeneca's request is not "reasonable[] … in light of all the surrounding circumstances." *Ibarra*, 816 F. Supp. 2d at 554 (cleaned up).

Consider first the expansive breadth of the requested discovery. As noted earlier, AbbVie and AstraZeneca seek document production and depositions covering a broad range of topics in this complex case. *See generally* Sample AstraZeneca Subpoena; Sample AbbVie Subpoena. Compounding this problem, both plaintiffs are too coy about important features of their request. Neither plaintiff identifies how many non- parties it would like to subpoena or who those non-parties specifically are (other than identifying Rush University Medical Center and CVS as *examples*). Pls.' Mot. at 4 n.2. AstraZeneca says it would like discovery from "a small number of" non-parties, whereas AbbVie says "certain" non-parties. *Id.* at 4. Nor do AbbVie and AstraZeneca clarify precisely what they will ask of subpoena targets; each attached only one "sample" subpoena to the motion. *See generally* Pls.' Mot.

Similarly, neither plaintiff provided the Court with the Rule 30(b)(6) deposition notices it would like to serve, and AbbVie did not provide the subpoenas it would like to serve on contract pharmacies. *Id.* All of this leaves the Court unclear on what, exactly, it would be green-lighting by granting the motion for expedited discovery as currently formulated. And the Court is not responsible for making AbbVie and AstraZeneca's discovery requests narrower and more concrete on their behalf—especially where, as here, they seek broad non-party discovery in a complex case from some of the country's largest healthcare institutions. *See Chavarria v. Bros. Grp. Fleet, Inc.*, 2022 WL 3543541, at *2 (N.D. Ill. Aug. 18, 2022) (collecting cases).

What's more, AbbVie and AstraZeneca seek to accomplish all of this on an unrealistic timeline. Initially, their motion (filed in September) suggested that they could obtain the requested discovery before a proposed October evidentiary hearing. Pls.' Mot at 1. Apparently recognizing that this timeline was infeasible, however, AbbVie and AstraZeneca's reply brief proposed a two-month discovery timeline. But that proposal too is unrealistic in assuming, for example, that production would take place within 14 days of subpoena receipt. The infeasibility is intensified when considering the likelihood that discovery disputes will arise. At the very least, the Court cannot be confident in the proposed timeline when it does not even know how many entities the Plaintiffs will subpoena and what those subpoenas will request.

In the reply brief, AbbVie and AstraZeneca try to fill in some gaps, but the effort falls short. Although they represent that they are "prepared to provide a sample contract-pharmacy subpoena and sample Rule 30(b)(6) deposition notice," and that they are "prepared to confirm for the Court the number of covered entities" to be subpoenaed, they stop short of *actually* offering those concrete details. Pls.' Reply at

10. And in any event, samples will not cut it under these circumstances. If AbbVie and AstraZeneca (or any of the other plaintiffs in the related cases) move again for early discovery, the Court expects the request to be narrow and concrete. The movants must specifically identify each of the subpoena targets, and for each target must submit a proposed document request and Rule 30(b)(6) notice. The motion must also propose a reasonable, realistic timeline. If presented with properly narrowed and concrete requests, the Court would be inclined to authorize some amount of early discovery (but without holding up a decision on the already-briefed preliminary-injunction motions).

AbbVie and AstraZeneca also argue that at this stage, the Court's inquiry is limited to whether discovery will burden the *defendant*—"*third-party* burdens do not factor into the analysis." Pls.' Reply at 9 (emphasis in original). The Court disagrees, and it is indeed concerned about the burden that the proposed discovery would impose on non-parties. Although the Plaintiffs note that some cases weighed the burden of expedited discovery on the defendant, AbbVie and AstraZeneca identify no case suggesting that *only* the burden on the defendant matters. For good reason. The touchstone for early discovery is "the reasonableness of the request in light of all the surrounding circumstances"—an all-encompassing inquiry. *Ibarra*, 816 F. Supp. 3d at 554 (cleaned up). And courts are *more* concerned, not less, about the burden of discovery on non-parties. Civil Rule 45(d) provides a variety of protections for non-parties. *See also Dale v. T-Mobile US, Inc.*, 2025 WL 1191101, at *1 (N.D. Ill. Apr. 24, 2025) ("[A] non-party is entitled to greater protection in the discovery process than parties in the litigation." (cleaned up)); *Rossman v. EN Eng'g, LLC*, 467 F. Supp. 3d 586, 590 (N.D. Ill. 2020) (explaining that under Civil Rule 45, "the unwanted burden thrust upon non-parties is a factor entitled to special weight," and collecting cases holding that "'non-party status' is a significant factor to be considered in determining whether the burden imposed by a subpoena is undue"). It is not sensible to open expedite, early-discovery floodgates without considering the burden on non-parties.

Although the denial has to this point been without prejudice to refiling, there is one proposed line of inquiry for which the Court rejects early discovery definitively. AbbVie seeks discovery unique to its Takings Clause claim to rebut the state's assertion that the Act supports low-income and rural patients' access to discounted medication. Pls.' Mot. at 3, 11–12; *see, e.g.*, AbbVie Sample Subpoena at 6 (inquiring into the recipient's amount of 340B revenue and how it is used). This discovery, AbbVie

hopes, will establish that—as a matter of empirical fact—the Act's alleged taking serves no "public use." U.S. Const. amend. V.[4]

AbbVie's proposed line of inquiry misapprehends the public-use requirement. "Public use" is a low bar. "When the legislature's purpose is legitimate and its means are not irrational," the Supreme Court's cases "make clear that empirical debates over the wisdom of takings … are not to be carried out in the federal courts." *Kelo v. City of New London*, 545 U.S. 469, 488 (2005) (cleaned up). Applying this principle, the Supreme Court has time and again rebuffed the argument that a taking of property failed the public-use test because it would not, in fact, accomplish its objectives. *See, e.g.*, *id.* at 487–88 (rejecting the suggestion that the Court "should require a 'reasonable certainty' that the expected public benefits will actually accrue"); *Nat'l R.R. Passenger Corp. v. Bos. & Maine Corp.*, 503 U.S. 407, 422–23 (1992) (because the government was not "irrational in determining that the condemnation will serve a public purpose," the Court "need not make a specific factual determination whether the condemnation will accomplish its objectives."); *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1015 n.18 (1984) ("The proper inquiry before this Court is not whether the provisions in fact will accomplish their stated objectives. Our review is limited to determining that the purpose is legitimate and that Congress rationally could have believed that the provisions would promote that objective."). The discovery AbbVie seeks to support its public-use claim is thus legally irrelevant. As a result, AbbVie's request for expedited discovery to support its public-use claim is denied outright, and there should be no need for a follow-up motion.

In sum, AbbVie and AstraZeneca's motion for expedited discovery, R. 34, is denied on the public-use claim and denied without prejudice as to the remainder. The Court will decide the pending preliminary-injunction motions on the current record. But AbbVie and AstraZeneca (and any of the other plaintiffs) may refile an appropriately narrow and concrete motion for early discovery, consistent with this Order. If

[4]Of course, Illinois disputes that the Act constitutes a taking *at all*. R. 30, Def.'s Resp. to PI Mots. at 37–43. The Court does not address that defense in this Order.

that motion is granted but the preliminary-injunction motions are denied—matters on which the Court reserves judgment—the Plaintiffs would be free to refile preliminary-injunction motions if discovery unearths material facts that are not in the current record.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: September 24, 2026